UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DESTIL EUGENE TROXELL, | ) |
| Plaintiff, | ) Civil Action No. 6: 22-41-WOB |
| v. | ) |
| PHILIP R. MORGAN and | ) **MEMORANDUM OPINION** |
| LARRY E. ROGERS, | ) **AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Destil Troxell is an inmate confined at the Kentucky State Penitentiary in Eddyville, Kentucky. Troxell has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] Troxell has paid the filing fee. [R. 9]

The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage of the case, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Troxell alleges that he was arrested on December 24, 1985 based upon "a bogus and fictitious warrant issued by one retired Circuit Court Judge Philip R. Morgan who at the time sat on the bench of the Wayne County Circuit Court." Based upon an investigation by "overzealous" prosecutor Larry Rogers, three days later Troxell was charged with three counts of felony murder. Troxell contends that "the police and the state attorney's office did not have the

1

sufficient evidence to obtain a warrant of indictment but I was still prosecuted anyway. I have been serving my sentence under no indictment." [R. 1 at 6]  Troxell seeks damages from Judge Morgan and prosecutor Rogers, in both their individual and official capacities, for malicious prosecution and violation of his rights under the Fifth Amendment.  [R. 1 at 3, 5]

The Court has thoroughly reviewed Troxell's complaint, but concludes that it must be dismissed.  An official capacity claim against a Kentucky prosecutor is a claim against the Commonwealth itself, and is therefore barred by the Eleventh Amendment.  *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003).  An official capacity claim against a Kentucky judge is likewise barred.  *See Thornton v. Commonwealth of Kentucky*, No. 4: 06-CV-46-M, 2007 WL 1662690, at *6 and n.4 (W.D. Ky. June 5, 2007) (Kentucky Circuit Court judges are "arms of the state" for Eleventh Amendment purposes); *Watkins-El v. Ryan*, No. 2006-CA-000268-MR, 2007 WL 1229406, at *5 (Ky. Ct. App. Apr. 27, 2007). These claims will therefore be dismissed.

The individual capacity claims must be dismissed without prejudice as premature.  In October 1986, Troxell was found guilty in Monticello, Kentucky of three counts of murder and being a persistent felony offender.  *See Commonwealth v. Troxell*, No. 85-CR-108 (Wayne Cir. Ct. 1985). The Kentucky Supreme Court affirmed on direct appeal. *Troxell v. Commonwealth*, No. 86-SC-1077-MR, slip. op. (Ky. Sept. 8, 1988).  Troxell sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which was denied. *Troxell v. Seabold*, No. 6: 89-CV-225-EES (E.D. Ky. 1989), *aff'd*, 951 F.2d 350 (6th Cir. 1991).  In the last decade, Troxell has filed a number of habeas corpus petitions in the state courts of Kentucky, without success.  More recently, he has filed a series of successive § 2254 petitions in this Court on various grounds (including the same claim he asserts here that he was not properly indicted) which he has been denied permission to file.  *See Troxell v. Hart*, No. 6:20-CV-119-WOB-HAI, 2020 WL 6568925, at *1 (E.D. Ky. Oct.

2

7, 2020), *report and recommendation adopted*, 2020 WL 6568850 (E.D. Ky. Nov. 9, 2020). Where a convicted prisoner sues asserting claims of malicious prosecution, the Supreme Court long ago explained that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Troxell still stands convicted of the offenses giving rise to his prosecution, so he may not yet pursue his claims of malicious prosecution.  The Court will therefore dismiss the individual capacity claims without prejudice.

The Court notes parenthetically that even if *Heck* did not bar Troxell from pursuing his claims at this time, they would be subject to summary dismissal *with* prejudice.  A prosecutor enjoys quasi-judicial immunity from suit for acts performed within the scope of his duties in initiating and pursuing a criminal prosecution.  *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Therefore, "a former prisoner whose conviction has been set aside in collateral proceedings cannot maintain a § 1983 action against the prosecutor who had litigated the charges against him." *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997) (cleaned up).  Similarly, "a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978).  Accordingly, a judge is entitled to absolute immunity against a claim for money damages that is based upon an action taken by a judge in his or her judicial capacity unless the act is taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Here, the actions complained of by prosecutor and judge alike were taken as a core part of their prosecutorial and judicial functions,

3

and they are therefore entitled to immunity from suit with respect to them. *Cf. Marshall v. Bowles*, 92 F. App'x 283, 285 (6th Cir. 2004).

Finally, Troxell has filed a separate motion to add the Commonwealth of Kentucky as a defendant in this action. [R. 7] The Court will deny that motion: to add a new defendant, the plaintiff must file an amended complaint setting forth both the factual and legal basis for the claims against the defendant. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 414 (6th Cir. 2014). And amendment need not be permitted where it would be futile, such as where the claim to be added would be subject to dismissal. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). Troxell's claim for money damages against Kentucky is not viable, both because the state is immune from suit under the Eleventh Amendment to the United States Constitution, *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993), and because it is not a "person" subject to suit under Section 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63-67, 71 (1989).

Accordingly, it is **ORDERED** as follows:

1. The Court **DENIES** Troxell's motion to add the Commonwealth of Kentucky as a defendant in this action [R. 7].

2. Troxell's claims against defendants Morgan and Rogers in their official capacities are **DISMISSED**. Troxell's claims against defendants Morgan and Rogers in their individual capacities are **DISMISSED** without prejudice.

3. This matter is **STRICKEN** from the docket.

This the 7th day of July, 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge